UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **DORSETT PROPERTIES, LLC,** | * | **CIVIL ACTION NO.** |
| | * | |
| Plaintiff, | * | |
| | * | **JUDGE** |
| versus | * | |
| | * | |
| **NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING,** | * | **MAGISTRATE JUDGE** |
| | * | |
| | * | |
| Defendant. | * | |

**NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING'S REMOVAL NOTICE**

Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing (**Shellpoint**), while fully reserving its right to object to service, jurisdiction, and venue, and without waiving any other defenses or objections, removes the civil action styled *Dorsett Properties, LLC versus NewRez LLC d/b/a Shellpoint Mortgage Servicing*, Docket Number 636347-A in the First Judicial District Court for the Parish of Caddo, State of Louisiana (**state court action**), to this Court.

**I. STATEMENT OF THE CASE**

1. On or about April 6, 2022, Dorsett Properties, LLC (**Dorsett**) filed the state court action. The clerk issued citation on the same date. (*See* **Ex. A** at Pet.)

2. Dorsett alleges it purchased the property whose municipal address is 129 Alvin Guidry Circle, Hackberry, Louisiana 70645 from Ross Anderson, and assumed Mr. Anderson's loan, which Shellpoint services. (*Id*. at Pet., ¶¶ 6-7.)

3. Dorsett asserts Shellpoint placed hazard and flood insurance on the property through February, 2021 and May, 2021, respectively, charged the policy premiums to Mr. Anderson's account, but later cancelled that insurance without notice. (*Id*. at Pet., ¶¶ 8-11.)

4.  Dorsett maintains Hurricane Laura caused "a complete loss to the structures on the [p]roperty" in August, 2020 and that the damage should/would have been covered under the cancelled insurance policies. (*Id*. at Pet., ¶¶ 13-14.)

5.  Dorsett claims Shellpoint's actions constitute a contractual breach and that it relied on Shellpoint's representations concerning the insurance to its detriment. (*See generally id*.)

6.  Dorsett seeks compensation in an amount commensurate with the amount to which it would have been entitled under the lender-placed hazard and flood insurance policies, plus costs and legal interest. (*Id.* at Pet., ¶ 28 & Prayer.)

## II. BASIS FOR REMOVAL – DIVERSITY JURISDICTION

7.  This case is removable under 28 U.S.C. § 1441(a) and this Court has original subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are completely diverse and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003).  Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum state." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

A.  **The parties are completely diverse.**

8.  For diversity purposes, "[a] partnership is a citizen of every state in which one of its partners or members is a citizen." *Moss v. Princip*, 913 F.3d 508, 514 (5th Cir. 2019). "The citizenship of a[n] LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  The citizenship of an unincorporated entity must be traced through the various organizational levels until reaching a natural person or corporation, which has an individual citizenship for the jurisdictional analysis.  *See*, *e.g.*, *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397–98 (5th Cir. 2009).

9. Dorsett claims it is "a Texas limited liability company, which is registered and authorized to conduct business in Louisiana and maintains a principal business establishment in Shreveport, Caddo Parish Louisiana." (**Ex. A** at Pet., ¶ 1.) But there is no entity named "Dorsett Properties, LLC" registered with the Louisiana or Texas secretary of state.

10. The Louisiana secretary of state, however, shows "Dorsett Properties, LP" is a Texas limited partnership, that maintains its Louisiana principal office in Shreveport, Louisiana. (**Ex. B**, results of a Louisiana secretary of state business entity search,[1] last visited April 18, 2022.) Dorsett Properties, LP filed a certificate of limited partnership with the Texas secretary of state on October 10, 2001. (**Ex. C**, results of a Texas secretary of state business entity search,[2] last visited on April 17, 2022.) Both the Louisiana and Texas records show Dorsett Management, LLC as Dorsett Properties, LP's general partner. (*See* **Exs. B & C**.) The records name no other partners. (*See id.*)

11. Dorsett Management, LLC is a Texas limited liability company. Upon information and belief, its members are Melinda J. Black Dorsett and Newton W. Dorsett, who are citizens of either Texas or Louisiana. (**Ex. D**, articles of incorporation from a Texas secretary of state business record search,[3] last visited on April 17, 2022.) Dorsett Properties, LP's citizenship is Texas or Louisiana, or both.[4] Dorsett Properties, LP is not a citizen of Delaware or New York.

---

[1] https://coraweb.sos.la.gov/commercialsearch/CommercialSearchDetails_Print.aspx?CharterID=691301 E4C3119E89

[2] https://direct.sos.state.tx.us/corp_inquiry/corp_inquiry-entity.asp?spage=docs&:Spagefrom=&:Sfiling_number=800020069&:Ndocument_number=1140854720002&:Npgcurrent=1&:Norder_item_type_id=10

[3] https://direct.sos.state.tx.us/corp_inquiry/corp_inquiry-entity.asp?spage=docs&:Spagefrom=&:Sfiling_number=800020163&:Ndocument_number=1140854720003&:Npgcurrent=1&:Norder_item_type_id=10

[4] Shellpoint respectfully requests it be allowed to conduct limited discovery to identify Dorsett Properties, LP's partners and Dorsett Management, LLC's members and their respective citizenship.

12. Shellpoint is a citizen of Delaware and New York. Shellpoint is an assumed name of NewRez LLC, a Delaware limited liability company. NewRez LLC has one member: Shellpoint Partners LLC, a Delaware limited liability company. Shellpoint Partners LLC has two members: (**1**) NRM Acquisition LLC and (**2**) NRM Acquisition II LLC, both of which are Delaware limited liability companies. They each have just one member: New Residential Mortgage LLC, a Delaware limited liability company. New Residential Mortgage LLC has one member: New Residential Investment Corp. New Residential Investment Corp. is a Delaware corporation with its principal place of business in New York.

**B.   The amount in controversy exceeds $75,000.**

13. The Fifth Circuit articulated a "clear analytical framework" for assessing 28 U.S.C. § 1332's amount-in-controversy requirement in cases removed from Louisiana state courts based on diversity jurisdiction, where the plaintiff is prohibited from pleading a specific numerical value of damages in her petition. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 2000); *see also* La. Code Civ. Proc. art. 893. The removing defendant must prove by a preponderance of the evidence the amount in controversy exceeds $75,000. *See*, *e.g.*, Felton v. Greyhound Lines, Inc., 324 F.3d 771, 773-74 (5th Cir. 2003); *Loque v. Allstate Ins. Co.*, 314 F.3d 776, 779 (5th Cir. 2002). The removing defendant can satisfy that burden by demonstrating it is "facially apparent" plaintiff's claims probably exceed $75,000, based on the facts alleged in the petition. *Id.* Once the defendant establishes the amount in controversy is sufficient, removal is proper unless the plaintiff can show "it is legally certain that his recovery will not exceed the amount stated." *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003).

14. "[A] defendant's notice of removal need include only a plausible allegation the amount in controversy exceeds the jurisdictional threshold," and a district court must accept the

defendant's good-faith allegations regarding the amount in controversy. *Dart Cherokee Basin Op. Co. LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014). A defendant is not required to submit evidence with its notice of removal. *Id.*

15. Dorsett seeks to recover what it would have recovered under the lender-placed hazard and flood insurance policies. (*See* **Ex. A** at Pet., ¶¶ 14 & 27.) Dorsett declares that "Hurricane Laura caused substantial damage to the [p]roperty, which caused a complete loss to the structures." (*Id.* at Pet., ¶ 13.) The hazard policy's coverage limit totaled $128,000, while the flood policy's limit totaled $4,862. The alleged total loss establish an amount in controversy in exceeding $75,000, as required under Section 1332(a).

### III. Procedural Compliance

16. Pursuant to 28 U.S.C. §§ 1446(a) and 1447(b), a copy of all pleadings and orders in the state court record, including "all process, pleadings and orders served upon" Shellpoint, are attached hereto as **Exhibit A**.[5]

17. Pursuant to 28 U.S.C. § 1446(d), Shellpoint will promptly send a copy of the removal notice to all counsel of record and will file a copy with the clerk of court for the First Judicial District Court for the Parish of Caddo, Louisiana.

18. Shellpoint has not been formally served with a summons and Dorsett's complaint. Removal is timely under 28 USC § 1446(b) because it is filed within thirty days of the date defendants are served with a copy of the complaint and summons, if at all. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (requiring formal service of process to trigger removal deadline).

---

[5] Shellpoint, through counsel, redacted the Dorsett's petition to comply with privacy laws.

19. Venue is proper for removal purposes in this Court because the United States District Court for the Western District of Louisiana embraces the place in which the state court action was pending. 28 U.S.C. § 1441(a).

## IV. CONCLUSION

This Court may exercise diversity jurisdiction because the parties are completely divers and the amount in controversy exceeds $75,000.

Respectfully submitted this 29th day of April, 2022.

**AKERMAN LLP**

/s/ Angelina Christina
Angelina Christina (Bar Roll Number 28530)
909 Poydras Street, Suite 2000
New Orleans, LA  70112
Telephone: (504) 584-9105
Facsimile: (504) 584-9142
E-mail: angelina.christina@akerman.com

***Attorneys for NewRez LLC d/b/a Shellpoint Mortgage Servicing***

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I certify that on the 29th day of April, 2022, I served a true and correct copy of **NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING'S REMOVAL NOTICE** by electronic mail and United States mail, postage pre-paid and properly addressed to the following:

> Lee H. Ayres, Esq.
> **AYRES, SHELTON, WILLIAMS, BENSON & PEINE, LLC**
> 333 Texas Street, 14th Floor
> Post Office Box 1764 (71166-1764)
> Shreveport, Louisiana 71101
> E-mail: leeayres@arklatexlaw.com
>
> ***Attorneys for Dorsett Properties, LLC***

/s/ Angelina Christina
Angelina Christina

63087671;2