UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DORSETT PROPERTIES, LLC                    CIVIL ACTION NO. 22-cv-1148

VERSUS                                     CHIEF JUDGE HICKS

NEWREZ, LLC                                MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Newrez, LLC removed this civil action based on an assertion of diversity jurisdiction. The notice of removal sets forth facts that indicate Newrez is a citizen of Delaware and New York, and the amount in controversy element appears to be satisfied.

The notice of removal leaves some uncertainty about the citizenship and proper identity of the plaintiff. The state court petition asserts that plaintiff Dorsett Properties, LLC is a Texas limited liability company. Newrez represents that there is no entity by that name registered with the secretary of state for Texas or Louisiana. Newrez states that there is a Dorsett Properties, LP referenced in the Louisiana records, and Newrez makes efforts to allege its citizenship.

Counsel for both parties are directed to confer and attempt to confirm the correct name and form/state of entity for the plaintiff insured. If an amended complaint is necessary, that should be taken care of promptly. Newrez will also need to file an amended notice of removal that sets forth the citizenship of the correct entity in detail. If it is an LLC, that will require identifying and alleging the citizenship of each member. If it is a

limited partnership, that will require identifying and alleging the citizenship of each partner, both general and limited.

"A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp., 2018 WL 3551525 (W.D. La. 2018).

The parties will be allowed until **May 18, 2022** to explore these issues and file an amended complaint, if necessary, and an amended notice of removal. The court will review the record after that date and determine whether there is a basis for the exercise of subject matter jurisdiction.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of May, 2022.
.

_____
Mark L. Hornsby
U.S. Magistrate Judge