UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DORSETT PROPERTIES, LLC          CIVIL ACTION NO. 22-1148

VERSUS          JUDGE S. MAURICE HICKS, JR.

NEWREZ, LLC DBA SHELLPOINT          MAGISTRATE JUDGE HORNSBY
MORTGAGE SERVICING

**MEMORANDUM RULING**

Before the Court is a Motion for Judgment on the Pleadings (Record Document 20) filed by Defendant NewRez, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"). Plaintiff Dorsett Properties, LLC ("Dorsett") has opposed the motion (Record Document 32), and filed a Motion to Strike Exhibits A through H (Record Document 33). Shellpoint replied to Dorsett's opposition (Record Document 35), and filed its own opposition to the Motion to Strike (Record Document 36). Dorsett then filed a reply to Shellpoint's opposition to the Motion to Strike (Record Document 37). For the reasons set forth below, the Motion to Strike is **DENIED**, and the Motion for Judgment on the Pleadings is **GRANTED IN PART and DENIED IN PART**.

**FACTUAL AND PROCEDURAL BACKGROUND**

This suit arises out of a loan and mortgage covering a property located at 129 Alvin Guidry Circle ("the Property") in Hackberry, Louisiana. See Record Document 7 at 2. At the time the loan and mortgage were issued, Ross Anderson ("Anderson") owned the Property. See id. In a subsequent transaction, Dorsett purchased the property from Anderson. See id.

1

At all times relevant to this dispute, Shellpoint serviced the mortgage on the Property and, as part of the contractual relationship, purchased and maintained insurance coverage for the Property. See id. Dorsett alleges that a course of dealing was established whereby Shellpoint would charge Dorsett for the premium payments on the insurance as part of the monthly payment amount for the mortgage. See id. at 3. Per this alleged course of dealing, on February 27, 2020, Shellpoint notified Dorsett that Shellpoint had purchased hazard insurance for the Property, with a policy period of February 27, 2020 to February 27, 2021. See id. Further, on May 11, 2020, Shellpoint notified Dorsett that Shellpoint had purchased flood insurance for the Property, with a policy period of May 11, 2020 to May 11, 2021. See id. Dorsett alleges that it paid each premium amount as charged by Shellpoint. See id.

Thereafter, Dorsett alleges that Shellpoint "unilaterally and without any notice whatsoever to Dorsett" cancelled the insurance policies on the Property. See id. at 4. Then, on or about August 27, 2020, Hurricane Laura caused damage to the Property. See id. Dorsett asserts the damage to the Property should have been covered under either the hazard or flood insurance policy described above. See id. However, when Dorsett contacted Shellpoint to pursue insurance claims for the damage, Shellpoint notified Dorsett that the policies had been cancelled prior to Hurricane Laura's landfall. See id. The Property was therefore not insured when it was damaged, and thus, Dorsett alleges Shellpoint is liable for the damages sustained by Dorsett. See id. at 5. As a result, Dorsett filed suit against Shellpoint, alleging breach of contract or, in the alternative, detrimental reliance. See id.

2

In the present Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c), Shellpoint argues: (1) Dorsett lacks standing to assert a breach of contract claim against Shellpoint, even if such claim was properly pleaded; (2) Anderson's own breach of the mortgage agreement relieved Shellpoint of any contractual duties; and (3) Dorsett's detrimental reliance claim fails as a matter of law. See Record Document 26. In its opposition to the motion, Dorsett responds: (1) Dorsett does have standing to bring a breach of contract claim; (2) Anderson did not need Shellpoint's consent to allow Dorsett to assume the loan; and (3) Dorsett has pled sufficient facts to allege a claim for detrimental reliance. See Record Document 32.

In conjunction with its opposition to Shellpoint's motion, Dorsett filed a Motion to Strike Exhibits A through H, exhibits that Shellpoint attached to the Rule 12(c) motion. See Record Document 33. In the Motion to Strike, Dorsett argues: (1) Shellpoint cannot attach evidence to the Motion for Judgment on the Pleadings; and (2) the exhibits are not authenticated. See id. at 2–3. In its response, Shellpoint asserts that the exhibits can be considered by the Court in deciding a Rule 12(c) motion, and the exhibits need not be authenticated at this stage. See Record Document 36.

**LAW AND ANALYSIS**

I.   **Rule 12(c) Standard**

"Federal Rule of Civil Procedure 12(c) permits any party to move for a judgment on the pleadings, provided the motion is made early enough to avoid delaying trial." NAZ, LLC v. Philips Healthcare, a Div. of Philips Elecs. N. Am. Corp., No. CV 17-2882, 2018 WL 1202570, at *5 (E.D. La. Mar. 8, 2018). "A court may grant a Rule 12(c) motion only if the pleadings evince no disputes of genuine material fact and questions of law alone

remain." Id. "A motion brought pursuant to Fed.R.Civ.P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." Hebert Abstract Co. v. Touchstone Properties, Ltd., 914 F.2d 74, 76 (5th Cir. 1990).

"The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss." Guidry v. Am. Pub. Life Ins. Co., 512 F.3d 177, 180 (5th Cir. 2007). Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the pleading standard to state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The standard for the adequacy of all complaints under Rule 8(a)(2) is now a "plausibility" standard found in Bell Atlantic Corp. v. Twombly and its progeny. See 550 U.S. 544, 127 S. Ct. 1955 (2007). Under this standard, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555, 127 S. Ct. at 1965 (citations omitted). If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

In reviewing the adequacy of the pleadings, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999). "Just like when it reviews a motion to dismiss under Rule 12(b)(6), when reviewing a Rule 12(c) motion, a district court must consider the pleadings, any documents the pleadings incorporate by reference, and matters of which the court may take judicial notice." Naz, LLC, 2018 WL 1202570, at *5.

## II. Analysis

### a. Dorsett's breach of contract claim

Shellpoint argues that Dorsett lacks standing to bring a breach of contract claim because there is no contract between Shellpoint and Dorsett. See Record Document 26. Further, Shellpoint asserts that it owes no contractual obligations because Anderson breached the mortgage contract by selling the Property to Dorsett without Shellpoint's written consent, as required by the contract. See id.

In support of its argument, Shellpoint attached to its motion the mortgage agreement covering the Property as Exhibit A. See Record Document 20 (Ex. A Mortgage). This Court finds that Exhibit A may be considered when deciding Shellpoint's Rule 12(c) motion. As noted above, the standard for a Rule 12(c) motion is the same as that for a Rule 12(b)(6) motion. See Guidry, 512 F.3d at 180. Under the Rule 12(b)(6) standard, it is well established that a court may consider documents attached to the pleadings or those that are "referred to in the plaintiff's complaint and are central to [plaintiff's] claim." See Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498–99 (5th Cir. 2000) (internal quotation marks omitted); Blakely v. Andrade, 360 F. Supp. 3d 453, 472 (N.D. Tex. 2019) (considering video not attached to complaint in analyzing 12(b)(6) motion, but central to plaintiff's claims); New Orleans City v. Ambac Assurance Corp., 815 F.3d 196, 200 (5th Cir. 2016). Here, the contract that Dorsett alleges Shellpoint breached is the mortgage agreement (or, as Dorsett calls it, "the Loan"). See Record Document 7 at 5. Thus, Exhibit A, which is that same mortgage agreement, is properly before the Court when deciding the Rule 12(c) motion. See Carter v. Target Corp., 541 F. App'x 413, 417 (5th Cir. 2013) (considering EEOC charges on motion to dismiss because the documents were referenced in the complaint and were central to plaintiff's claim). Thus,

to the extent Dorsett's Motion to Strike is directed towards Exhibit A, the Motion to Strike is **DENIED**.

This Court further agrees with Shellpoint that Dorsett lacks standing to assert a breach of contract claim based on the mortgage agreement. See Record Document 26 at 5. "No right of action for breach of contract may lie in the absence of privity of contract between the parties." Lili Collections, LLC v. Terrebonne Par. Consol. Gov't, 175 So.3d 434, 436 (La. App. 1 Cir. 6/18/15), writ not considered, 178 So.3d 579 (La. 10/2/15). Here, the mortgage agreement clearly does not indicate that Dorsett was a party to the contract at its inception. See Record Document 20 (Ex. A Mortgage, p. 16 of 17). Thus, absent a valid assumption or assignment, Dorsett lacks privity with Shellpoint.

To establish standing in its breach of contract claim, Dorsett points to the alleged buy/sell transaction between it and Anderson whereby Dorsett assumed the loan's rights and obligations from Anderson. See Record Document 32 at 7. Shellpoint responds that Dorsett could not validly assume the loan from Anderson without Shellpoint's written consent, by the clear terms of the contract, and no such consent was given. See Record Document 26 at 6. This Court agrees with Shellpoint that, when read as a whole, the mortgage agreement required Anderson to obtain written consent before assigning the loan. See Brown v. Drillers, Inc., 630 So.2d 741, 748 (La. 1994) (stating that contracts must be interpreted and construed as a whole); see also La. Civ. Code art. 2050 ("Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole."). There are three relevant provisions in the mortgage agreement that support this conclusion. First, paragraph 13, which discusses joint and several liability and successors-in-interest, states:

6

> Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument **in writing, and is approved by Lender**, shall obtain all of Borrower's rights and benefits under this Security Instrument.

See Record Document 20 (Ex. A Mortgage, p. 10 of 17) (emphasis added). Next, paragraph 18 contains a "due-on-sale" clause, which states:

> If all or any part of the Property or any Interest in the Property is sold or transferred…**without Lender's prior written consent**, Lender may require immediate payment in full of all sums secured by this Security Instrument.

See id. (Ex. A Mortgage, p. 12 of 17) (emphasis added). Finally, paragraph 12 of the mortgage agreement states:

> Any forbearance by Lender in exercising any right or remedy **including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower** or in amounts less than the amount then due, shall not be a waiver of or preclude the exercises of any right or remedy.

See id. (Ex. A Mortgage, p. 10 of 17) (emphasis added). Taking these three provisions together, this Court finds that Anderson needed Shellpoint's approval to validly assign his rights and benefits under the mortgage agreement. Specifically, paragraph 13 explicitly requires that "any Successor in Interest" will "obtain all of Borrower's rights and benefits" if such assignment is "in writing, and is approved by Lender." See id. Although, as Dorsett points out, the "due-on-sale" clause in paragraph 18 contains the permissive "may," when read in conjunction with paragraph 13, it is clear that the mortgage agreement requires the Lender (Shellpoint) to approve any assignment by the Borrower (Anderson). Thus, because Anderson did not obtain Shellpoint's approval before selling the Property to

7

Anderson, Dorsett did not validly assume Anderson's rights and obligations under the contract.

Further, Dorsett's argument that Shellpoint established a course of dealing by accepting payments directly from Dorsett does not resolve the invalidity of the assumption. As is clear from paragraph 12 of the mortgage agreement, Shellpoint, as Lender, does not waive or preclude any exercise of rights or remedies by taking certain actions, "including, without limitation, Lender's acceptance of payments from third persons." See id. Thus, while a course of dealing of accepting payments from Dorsett may affect the detrimental reliance claim, as discussed below, such a series of actions cannot create privity between Shellpoint and Dorsett by the clear terms of the contract. Thus, because Dorsett lacks standing to bring a breach of contract claim against Shellpoint, Dorsett's claim fails as a matter of law.

Additionally, this Court agrees with Shellpoint that Dorsett has failed to point to a specific contract provision that Shellpoint has allegedly breached by failing to give notice of the insurance cancellation. See Record Document 35 at 7–8. Where a plaintiff fails to point to a provision of the contract that the opposing party breached, the breach of contract claim fails as a matter of law. See, for e.g., Bergeron v. Pan Am. Assur. Co., 731 So.2d 1037, 1045 (La. App. 4 Cir. 4/7/99) (noting plaintiff's failure to point to specific provision of policy that was allegedly breached and affirming dismissal of plaintiff's claims). Here, Dorsett cannot point to a provision of the mortgage agreement that requires Shellpoint to give notice when an insurance policy obtained for the Property is cancelled. Further, La. R.S. § 9:3548, which Dorsett points to in support of its notice argument, does not discuss any notice that must be given upon cancellation of an insurance policy. See

8

La. R.S. § 9:3548. Thus, for the above reasons, Shellpoint's Motion for Judgment on the Pleadings is **GRANTED** as to the breach of contract claim.

### b. Dorsett's detrimental reliance claim

In its Motion for Judgment on the Pleadings, Shellpoint further argues that Dorsett's detrimental reliance claim fails as a matter of law. See Record Document 26 at 7. However, this Court finds that a factual dispute currently exists as to the detrimental reliance claim, making judgment on the pleadings inappropriate at this time. See Hebert Abstract Co., 914 F.2d at 76 (stating Rule 12(c) motion is only proper where material facts are not in dispute).

To state a claim for detrimental reliance, a party must prove "(1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance." See Suire v. Lafayette City-Par. Consol. Gov't, 907 So.2d 37, 59 (La. 2005). Viewing the pleadings in the light most favorable to Dorsett, as this Court is required to do, the Amended Complaint pleads each of the above elements on its face: Dorsett alleges that Shellpoint made representations in various letters concerning insurance coverage, that Dorsett reasonably relied on Shellpoint's representations based on a course of dealing established between the parties over four years, and that Dorsett was harmed in the form of uninsured property that was later damaged. See Record Document 7. Shellpoint attempts to contest these allegations and argue Dorsett's reliance was unreasonable by asserting additional facts and by attaching Exhibits B through H to the Motion for Judgment on the Pleadings, including a document showing a release of the lien on the Property as of September 2020. See Record Document 26 (Ex. F). However, regardless of the exhibits produced by Shellpoint, factual discrepancies seem

to exist concerning the timing of Dorsett's insurance payments, the occurrence of the damage by Hurricane Laura, and the cancellation of the policies by Shellpoint. Thus, Shellpoint is not entitled to judgment on the pleadings at this time, and the Motion for Judgment on the Pleadings is **DENIED** as to the detrimental reliance claim. Further, to the extent Exhibits B through H of Shellpoint's Motion for Judgment on the Pleadings relate to the detrimental reliance claim, the Motion to Strike such exhibits is **DENIED AS MOOT**, as those exhibits were not considered by the Court in reaching its conclusion that material disputes of fact remain.

## CONCLUSION

For the foregoing reasons, Dorsett's Motion to Strike (Record Document 33) is **DENIED**. Shellpoint's Motion for Judgment on the Pleadings (Record Document 20) is **GRANTED** as to Dorsett's breach of contract claim. Further, Shellpoint's Motion for Judgment on the Pleadings (Record Document 20) is **DENIED** as to Dorsett's detrimental reliance claim.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 16th day of November, 2022.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT